IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL W. ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-cv-0813-MJR |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM and ORDER**

REAGAN, District Judge:

In November 2005, Carl Anderson filed suit in this Court against BNSF ("Burlington Northern") under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. §§ 51-60. The complaint alleges that Burlington Northern is a rail carrier engaged in interstate business, that Anderson was employed by Burlington Northern from 1971 through 2005, and that – during this long career – Anderson "was injured when he was subjected to numerous repetitive traumas while repairing Defendant's railroad tracks" (Doc. 1, p. 2). Anderson further alleges that Burlington Northern's negligence caused him to sustain severe injuries to his back, spine, wrists, knees, arms, and body (*id.*).

Anderson's FELA claims confer on this Court subject matter jurisdiction under the federal question statute. On January 19, 2006, Burlington Northern moved for a more definite statement, arguing that the complaint provides neither the dates when the alleged injuries occurred nor the description of how Anderson was injured (*e.g.*, what allegedly unsafe equipment he was using or what hazards caused his injuries), providing insufficient notice on which to defend this case.

This motion can be simply, expeditiously disposed of without awaiting full briefing by the parties.

Federal Rule of Civil Procedure 12(e) provides:

> If a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Motions for more definite statement are *not* interchangeable with motions to dismiss. Rule 12(b)(6) motions to dismiss attack pleadings for failing to allege cognizable legal theories eligible for relief. By contrast, Rule 12(e) motions for more definite statement attack pleadings that state cognizable legal claims but are so unclear that they render it impossible for the defendant(s) to properly respond. **FEDERAL CIVIL RULES HANDBOOK, Baicker-McKee, Janssen & Corr, pp. 368-69 (2006).**

The law of this Circuit provides that "a confusing pleading is not ordinarily a fatal defect," but to obtain clarification of a plaintiff's claims, the District Court can call for a more definite statement. *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.,* **412 F.3d 745, 749 (7th Cir. 2005);** *Hoskins v. Poelstra,* **320 F.3d 761, 764 (7th Cir. 2003).** In other words, although "complaints just launch the case" and need not contain all the facts needed to prevail, Rule 12(e) permits the District Judge to require additional specificity, which enables defendants to better frame responsive pleadings. *Hoskins***, 320 F.3d at 764.**

In the case at bar, the complaint does not notify Burlington Northern of "the principal events" in question. It reveals only that *sometime* within a 35-year period, *somewhere* on Burlington Northern's track system (*possibly* in the Southern District of Illinois), Anderson sustained multiple repeated injuries *somewhere* on his back, spine, arms, and/or legs. *Id.*

Accordingly, the Court **GRANTS** Burlington Northern's January 19, 2006 motion (Doc. 3) and **DIRECTS** Plaintiff Anderson to provide a more definite statement by filing a FIRST AMENDED COMPLAINT on or before **February 16, 2006.**

**IT IS SO ORDERED.**

**DATED this 24th day of January, 2006.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**